Submitted February 28, affirmed April 19, 2017

TRACEY BOGLE,
*Petitioner-Appellant,*

*v.*

Mark NOOTH,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Marion County Circuit Court
14C23348; A159747

395 P3d 644

Jed Peterson and O'Connor Weber LLP filed the opening brief for appellant. Tracey Bogle filed the supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Wollheim, Senior Judge.

## PER CURIAM

Petitioner appeals from a judgment dismissing his petition for post-conviction relief. At the time that he filed the petition, petitioner already was litigating a post-conviction case involving the same underlying convictions. The post-conviction court dismissed the petition under ORCP 21 A(3) on the ground "that there is another action pending between the same parties for the same cause" and, alternatively, on the ground that ORS 138.550(3)[1] barred the petition. On appeal, petitioner does not dispute that his pending post-conviction proceeding was "another action pending between the same parties for the same cause" for purposes of ORCP 21 A(3). He nonetheless contends that ORCP 21 A(3) does not apply to post-conviction proceedings and, thus, that the post-conviction court erred when it dismissed the petition under that provision. He argues further that the dismissal cannot be sustained under ORS 138.550(3) because, in his view, the post-conviction court applied the wrong legal standard when determining whether to dismiss the petition under that provision.

We affirm. Petitioner did not dispute the applicability of ORCP 21 A(3) below and, consequently, his unpreserved contention that the trial court erred by applying that provision in the context of a post-conviction proceeding does not provide grounds for reversal.[2] Beyond that, petitioner—properly—does not dispute that there was, in fact, "another

---

[1] ORS 138.550(3) provides:

"All grounds for relief claimed by petitioner in a petition pursuant to ORS 138.510 to 138.680 must be asserted in the original or amended petition, and any grounds not so asserted are deemed waived unless the court on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition. However, any prior petition or amended petition which was withdrawn prior to the entry of judgment by leave of the court, as provided in ORS 138.610, shall have no effect on petitioner's right to bring a subsequent petition."

[2] Petitioner does not suggest that it was plain error for the post-conviction court to apply ORCP 21 A(3) in the context of a post-conviction proceeding, and it was not plain error. As petitioner acknowledges, the Oregon Rules of Civil Procedure apply to post-conviction proceedings unless the post-conviction statutes provide otherwise. *Young v. Hill*, 347 Or 165, 170-71, 218 P3d 125 (2009). We see no obvious indication in the post-conviction statutes that the legislature intended that the "another action pending" bar of ORCP 21 A(3) would not apply to post-conviction proceedings and, in particular, see no indication that the legislature intended to permit post-conviction petitioners to pursue multiple,

action pending between the same parties for the same cause." ORCP 21 A(3). Petitioner's pending post-conviction proceeding was exactly that. The post-conviction court therefore correctly dismissed the petition under ORCP 21 A(3), and we need not address the correctness of the court's determination that ORS 138.550(3) also required dismissal.[3] We reject any additional contentions in petitioner's *pro se* supplemental brief without written discussion.

Affirmed.

---

simultaneous post-conviction proceedings with respect to the same underlying criminal convictions.

[3] It is not clear if and how the prohibition on successive petitions in ORS 138.550(3) applies where, as here, a previously filed petition remains pending and has not been litigated to final judgment.