DUNCAN, J.
**457 This appeal involves two post-conviction relief cases, which arose out of the same underlying criminal case and have been consolidated for review: Bogle v. State of Oregon , 284 Or. App. 882, 395 P.3d 643 (2017), and Bogle v. Nooth , 284 Or. App. 879, 395 P.3d 644 (2017).
In Bogle v. State , petitioner, who was represented by counsel, filed pro se motions pursuant to Church v. Gladden , 244 Or. 308, 311, 417 P.2d 993 (1966). The motions included a motion for the court to instruct petitioner's counsel to raise an additional ground for relief. The post-conviction court denied the pro se motions, and, after a hearing on the merits of the grounds for relief that counsel had raised, the court denied relief. Petitioner appealed, arguing that the court had erred by failing to consider his pro se grounds for relief or, alternatively, by failing either to instruct counsel to raise them or to make a record of its reasons for not instructing counsel to do so. The Court of Appeals affirmed, holding that the post-conviction court did not err in its response to petitioner's pro se motions because petitioner could raise his pro se grounds for relief in a subsequent post-conviction case.
Both petitioner and the state petitioned for review, and we allowed both petitions. On review, the parties dispute what actions a post-conviction court must take in response to a Church motion in which a petitioner asserts that court-appointed counsel is failing to raise a ground for relief and asks the court either to replace counsel or to instruct counsel to raise the ground for relief. The parties also dispute what effect the filing of such a motion has on whether the petitioner can raise the ground for relief in a subsequent post-conviction case, given that ORS 138.550(3) provides that any ground for relief that is not raised in a petitioner's first post-conviction case is deemed waived, unless it could not reasonably have been raised in the first case.
For the reasons explained below, we hold that, when a petitioner files a motion asserting that court-appointed counsel is failing to raise a ground for relief and asking the court either to replace counsel or to instruct counsel to raise the ground for relief, the question for the post-conviction **458 court is whether the petitioner has established that counsel's failure to raise the ground for relief constitutes a failure to exercise reasonable professional skill and judgment. If so, then the court must exercise its discretion to either replace or instruct counsel. The purpose of such a motion is for petitioner to seek to have counsel raise the ground for relief in the current post-conviction case; it is not to enable the petitioner to avoid claim preclusion under ORS 138.550(3) and raise the ground in a subsequent post-conviction case. Applying those holdings, we affirm the judgment of the post-conviction court and the decision of the Court of Appeals in Bogle v. State , although our reasoning differs from that of the Court of Appeals.
While Bogle v. State was pending in the post-conviction court, petitioner initiated a second post-conviction case, Bogle v. Nooth . On the state's motion, the post-conviction court dismissed that case, citing both ORCP 21 A(3), which allows a court to dismiss an action when "there is another action pending *719 between the same parties for the same cause," and ORS 138.550(3), which bars successive post-conviction cases. Petitioner appealed, and the Court of Appeals affirmed the post-conviction court's dismissal under ORCP 21 A(3). Petitioner petitioned for review, asserting, among other things, that the post-conviction court plainly erred in relying on ORCP 21 A(3) in a post-conviction case. As explained below, we conclude that the post-conviction court did not plainly err and, therefore, we affirm the judgment of the post-conviction court and the decision of the Court of Appeals in Bogle v. Nooth .
I. PROCEDURAL BACKGROUND
The relevant facts are primarily procedural. Petitioner pleaded guilty to and was convicted of burglary and assault. Pursuant to a plea deal, the trial court imposed probation. Petitioner did not appeal his convictions or sentences. Later, the state alleged that petitioner violated the conditions of his probation. The trial court revoked petitioner's probation and imposed the 72-month prison sentence that petitioner had agreed to as part of his plea deal. In connection with the plea and probation violation proceedings, **459 petitioner initiated the two post-conviction cases that are before us, Bogle v. State and Bogle v. Nooth.
A. Bogle v. State
While his probation violation proceeding was pending, petitioner filed his post-conviction petition in Bogle v. State , alleging that his attorney in the plea proceeding had failed to adequately represent him. The post-conviction court appointed post-conviction counsel to represent petitioner, and counsel filed three amended petitions clarifying petitioner's claims. In the third amended petition, which was filed after petitioner's probation was revoked, counsel added claims asserting that petitioner's attorney in the probation violation proceeding had failed to adequately represent him. Because petitioner wanted to assert additional claims, counsel also added a section entitled "PETITIONER'S PRO SE CLAIMS FOR RELIEF." (Uppercase in original.) Counsel expressly refused to certify that any of the pro se claims were "well grounded in fact and warranted by existing law, or a good faith argument for the extension, modification or reversal of existing law," and he stated that he had included the pro se claims in the petition "to assist [petitioner] in preserving his claims." See ORCP 17.[1] Counsel cited Church as authority for including the pro se claims. Although counsel had included petitioner's pro se claims in the third amended petition, petitioner filed a series of pro se motions asserting the same claims. He cited Church as authority for filing the motions and asserting the claims.
As discussed in greater detail below, in Church this court rejected a petitioner's argument that, in his second post-conviction case, he could raise grounds for relief that the attorney in his first post-conviction case had failed to raise. 244 Or. at 310-11, 417 P.2d 993. This court held that the grounds for relief were barred by ORS 138.550(3), which generally bars successive post-conviction cases. In addition, this court stated that, if, during his first post-conviction case, **460 the petitioner had believed that his attorney was failing to raise a ground for relief, the petitioner had to inform the post-conviction court of that fact and ask the court either to replace the attorney or instruct the attorney to raise the ground for relief. Id . at 311-12, 417 P.2d 993.
In response to the filings citing Church in this case, the post-conviction court held a hearing on petitioner's pro se claims. During that hearing, the court reviewed each claim and explained to petitioner why it could not be raised. Then the court struck all of petitioner's pro se claims.
After that hearing, this court issued its decision in Johnson v. Premo , 355 Or. 866, 877, 333 P.3d 288 (2014), in which it clarified that Church does not authorize a represented *720 petitioner to assert pro se grounds for relief. This court explained,
"[N]othing in [ Church ] sanctions the sort of hybrid representation that permits a post-conviction petitioner to be represented by counsel and, at the same time, flood the court with pro se motions and with other requests for relief any time the petitioner disagrees with counsel's prosecution of the case. Church says no more than this: If a post-conviction petitioner's attorney fails to assert a ground for relief, the petitioner must bring that fact to the attention of the court to avoid the effect of ORS 138.550(3)."
Id .
Despite Johnson , petitioner filed a second series of pro se motions. Each motion cited Church as authority for filing the motion. However, only two of the motions asserted pro se grounds for relief that had not been addressed in the first Church hearing, and only one of those motions also asked the court to order counsel to raise the new ground for relief.[2]
**461 In response to petitioner's second series of pro se motions, the post-conviction court held another hearing. At that hearing, the court explained that it had received and reviewed the new pro se filings and that the purpose of the hearing was "to clarify the record concerning these new filings." The court stated that it wished to begin by explaining its view, then allow petitioner to state his concerns, and finally "move forward with how to clarify things." The court acknowledged that petitioner had cited Church as the basis for his pro se filings, but explained that, in its view,
" Church simply says an inmate must raise his claims some way. He cannot simply sit silent through judicial proceedings and not raise his claims and then try to utilize those claims at a later time. That's all Church v. Gladden says. It doesn't authorize hearings, it doesn't authorize a separate kind of motion practice[.]"
The post-conviction court also stated that, under Johnson , "if a litigant appears by counsel, they cannot also have pro se matters themselves." The court then recounted what had happened at and after the prior hearing:
"[W]hen we had our hearing last fall on what we called the Church v. Gladden hearing, the purpose of that hearing was to allow you to educate me about the claims that you wished to have certified in your petition and claims that your attorney had not been able to certify. So I allowed you to file a memorandum and we had oral discussion on the record about all of those claims and when we concluded, I gave you my ruling that those claims that you were wishing to add to your petition lacked a legal or factual basis and I would not allow amendment of the petition.
"* * * * *
"Since that time, I've gotten various different motions where you are complaining that, hey, I didn't get to amend my petition, and so I want to remove [the judge] and I want to have my pro se claims renewed and I want to have them established and I want to do depositions and I want to do other things under those claims[.] *** So my ruling is you've made the record. Those claims are not authorized and we need to move forward to your trial ***.
"* * * * *
"Now, those are the concerns I have, and as I view the record, I would say that each of your motions have already **462 been established and that they do not have a legal basis and I would deny them and I would move forward to the trial date."
The post-conviction court then gave petitioner an opportunity to explain why he had *721 authority to file the motions and have the court consider them. Petitioner responded by explaining all of his motions and the concerns underlying them. Eventually, petitioner expressed concerns about counsel's performance and asked the court to replace counsel or allow petitioner to represent himself. The court denied petitioner's request for substitution of counsel, because it concluded that none of petitioner's concerns provided a basis for substitution. The court then reminded petitioner that he could not simultaneously be represented by counsel and represent himself:
"One of the issues in [ Johnson ] is * * * you can't have hybrid representation which is what you've been trying to do for the last six months, where you have a lawyer, a lawyer has done your petition, is preparing for your trial and then you have filed a number of independent pro se motions. I've tried to rule on those as I mentioned and so your record is clear and you have the ability if your trial is unsuccessful, you have the right to file an appeal and certainly your record would be there * * * but my ruling is there that I ruled that they do not have a legal or factual basis and they cannot be certified and so they cannot be part of the petition. * * * But I can't allow you to try to be the lawyer of the case when you have a lawyer and I can't allow you to continually repeat that I have additional motion or additional claims and feel like there's the right to a hearing under Church v. Gladden because there is no such right."
The court then inquired whether petitioner wanted to represent himself. Petitioner asked whether the case would be continued if he did, and the court answered that it would not, given the length of time it had been pending. Based on that ruling, petitioner withdrew his request to represent himself.
The post-conviction court ultimately determined that petitioner had received adequate assistance of counsel in both the original plea proceeding and the probation violation proceeding, and the court denied petitioner relief.
**463 Petitioner appealed, challenging the post-conviction court's response to his second series of pro se motions. Petitioner argued that, under Church , if a petitioner's counsel refuses to allege a claim, the petitioner may inform the court of that fact and the court may instruct counsel to raise the claim, if the court determines that the claim is "legitimate," that is, if it has "a basis in fact and law." Petitioner further argued that the post-conviction court had failed to determine whether the claims he had identified in his second series of pro se motions were legitimate. According to petitioner, the court denied petitioner's request to raise the claims "because petitioner had already brought the court's attention to other claims in a prior Church v. Gladden hearing." Alternatively, petitioner argued, if the court had determined that his pro se claims were not legitimate, it had erred because it had failed to make a record of its reasons for doing so.
The Court of Appeals rejected petitioner's arguments, stating that nothing in Church required the post-conviction court to consider petitioner's pro se claims and decide whether to order petitioner's attorney to raise them. Bogle v. State , 284 Or. App. at 884, 395 P.3d 643. Relying on Johnson , the Court of Appeals concluded:
" Church means simply that, to the extent the post-conviction court refused to consider those claims because they were not asserted through counsel, ORS 138.550(3) will not bar petitioner from pursuing them in a subsequent petition because he has followed Church 's directive by bringing those claims to the attention of the post-conviction court below in this proceeding."
Bogle v. State , 284 Or. App. at 883-84, 395 P.3d 643.
The state petitioned the Court of Appeals to reconsider that interpretation of Church , and the Court of Appeals denied that petition. Both parties petitioned for review.
In his petition for review, petitioner asserted that, although Church requires a petitioner to notify the post-conviction court if his or her attorney has declined to raise requested claims, the Court of Appeals had held that "a post-conviction court has no duty to respond to or consider them." According to petitioner, "If that is the proper **464 procedure, it leaves *722 several open questions, such as whether such requests can be reviewed on appeal or what the preclusive effect would be in a possible successive petition for post-conviction relief."
In its petition for review, the state asserted that the Court of Appeals had erred in holding that ORS 138.550(3) would not bar petitioner's pro se claims in a subsequent post-conviction case. The state contended that the Court of Appeals' holding is not supported by Church or Johnson and is contrary to the policy underlying ORS 138.550(3), which bars successive post-conviction cases.
We allowed review to clarify what Church authorizes a petitioner to file, what a post-conviction court is required to do in response to a Church motion, and what effect a Church motion has on a subsequent post-conviction case.[3] We address those issues below, after pausing to describe the facts of the petitioner's other post-conviction case, Bogle v. Nooth , which is before us on a different issue.
B. Bogle v. Nooth
While Bogle v. State was pending in the post-conviction court, petitioner initiated a second post-conviction case by filing a petition that raised claims of inadequate assistance of counsel in both the original plea proceeding and the probation-revocation proceeding. On the state's motion, the post-conviction court dismissed petitioner's second petition, citing both ORCP 21 A(3), which allows a court to dismiss an action when "there is another action pending between the same parties for the same cause," and ORS 138.550(3), which limits successive post-conviction cases.
On appeal, petitioner challenged both grounds for dismissal. Regarding ORCP 21 A(3), petitioner argued that the rule does not apply in post-conviction proceedings. The Court of Appeals concluded that petitioner failed to preserve that argument and therefore did not reach it. Bogle v. Nooth , 284 Or. App. at 880-81, 395 P.3d 644. Instead, the court assumed that OCRP 21 A(3) applied and held that the post-conviction **465 court correctly dismissed the petition pursuant to that rule. Id . Because ORCP 21 A(3) provided a sufficient basis for dismissal, the Court of Appeals declined to address whether ORS 138.550(3) also authorized dismissal. Id . at 881, 395 P.3d 644.
II. ANALYSIS
We address the issues in these consolidated cases separately, turning first to those in Bogle v. State and then those in Bogle v. Nooth.
A. Bogle v. State
We begin with an overview of the relevant post-conviction statutes. The Post-Conviction Hearing Act (PCHA), ORS 138.510 to 138.686, was enacted to establish an exclusive procedure through which a person convicted of a state crime can challenge his or her conviction. ORS 138.510 ("[A]ny person convicted of a crime under the laws of this state may file a petition for post-conviction relief."); see generally Jack G. Collins and Carl R. Neil, The Oregon Postconviction Hearing Act , 39 Or. L. Rev. 337 (1960) (describing origins and provisions of PCHA).[4] Postconviction relief can be granted for several reasons, including that the petitioner's conviction resulted from a "substantial denial" of the petitioner's state or federal constitutional rights, which renders "the conviction void." ORS 138.530 (1)(a). Thus, a petitioner may obtain post-conviction relief if, among other things, his or her conviction resulted from a substantial denial of the state or federal right to counsel. See Stevens v. State of Oregon , 322 Or. 101, 107-08, 902 P.2d 1137 (1995) (stating principle). To establish a denial of the right to counsel, a petitioner must *723 establish that his or her counsel in the underlying criminal case failed to provide adequate representation, under the state constitution, or effective representation, under the federal constitution, and that the petitioner was prejudiced by that failure. Montez v. Czerniak , 355 Or. 1, 7-8, 322 P.3d 487 (2014), adh'd to as modified on recons , 355 Or. 598, 330 P.3d 595 (2014) ; see also State **466 v. Smith , 339 Or. 515, 526, 123 P.3d 261 (2005) (observing that under Article I, section 11, of the Oregon Constitution, the defendant's right to counsel includes the right "to a lawyer who provides adequate assistance"); Strickland v. Washington , 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (recognizing that the Sixth Amendment right to counsel "is the right to the effective assistance of counsel" (internal quotation omitted) ); State v. Davis , 345 Or. 551, 579, 201 P.3d 185 (2008) (recognizing that the standards for determining adequacy of counsel under the state constitution are functionally equivalent to those for determining the effectiveness of counsel under the federal constitution). If the petitioner establishes a denial of his or her right to counsel, the post-conviction court may order a new trial or other appropriate relief. ORS 138.520 (providing that the post-conviction court may order "release, new trial, modification of sentence, and such other relief as may be proper and just").
A post-conviction case begins with the filing of a petition. ORS 138.560(1). If a petitioner wants to be represented by counsel but is unable to retain counsel, the petitioner must file a pro se petition, together with a request for counsel. ORS 138.590(2). If the petitioner is financially eligible, the post-conviction court shall appoint "suitable" counsel to represent the petitioner. ORS 138.590(4) ; see also ORS 138.590(1) ("Any petitioner who is unable *** to employ suitable counsel possessing skills and experience commensurate with the nature of the conviction and complexity of the case *** may proceed as a financially eligible person."). Thus, a financially-eligible petitioner has a statutory right to court-appointed counsel.
One reason the legislature provided for the appointment of post-conviction counsel was to ensure that post-conviction proceedings run smoothly and efficiently. Johnson , 355 Or. at 874, 333 P.3d 288. As Collins and Neil explain, "[t]he lack of counsel in post-conviction proceedings leads to confusion, misunderstanding, and an increased burden on circuit-court judges." 39 Or. L. Rev. at 351. A second reason for providing for the appointment of counsel was to ensure that petitioners did not inadvertently waive any grounds for relief. According to Collins and Neil, the appointment of counsel **467 was "highly desirable in view of the strict res judicata provisions" of the PCHA. Id .; see also id. at 358 (observing that the res judicata provisions apply "only to the effect of prior post-conviction proceedings under the act , when appointed counsel will always have been available in the first proceeding" (emphasis in original) ).
ORS 138.550(3) is one of the res judicata provisions of the PCHA. As mentioned, it provides that any ground for relief that is not raised in a petitioner's first post-conviction case is deemed waived, unless it could not reasonably have been raised in the first case. Specifically, it provides:
"All grounds for relief claimed by petitioner in a petition pursuant to ORS 138.510 to 138.680 must be asserted in the original or amended petition, and any grounds not so asserted are deemed waived unless the court on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition."
The res judicata provisions were among "the most important [provisions of] the act." 39 Or. L. Rev. at 356. They were intended to "provide a clear and workable basis for reducing the tide of post-conviction litigation to manageable proportions, while maintaining standards of fairness." Id .
The right to counsel established by ORS 138.590 and the claim preclusion rule established by ORS 138.550(3) were both at issue in Church . Because the parties' arguments in this case are based on their different interpretations of Church and Johnson , which interpreted Church , we describe those cases in some detail.
*724 In Church , the petitioner was convicted of murder and, after an unsuccessful direct appeal, he filed a petition for post-conviction relief. The post-conviction court denied relief and dismissed the petition. The petitioner then filed a second petition for post-conviction relief. In response to that petition, the defendant asserted, among other things, that two of the petitioner's grounds for relief were barred by ORS 138.550(3) because they reasonably could have been raised in the petitioner's first post-conviction case. The petitioner countered that the grounds were not barred by ORS 138.550(3) because the attorney who had represented him **468 in his first post-conviction case had refused to raise them, even though the petitioner had asked him to do so.
On review, this court held that the grounds for relief were barred. Church , 244 Or. at 313, 417 P.2d 993. It observed that, if the petitioner's assertion that his prior attorney had refused to raise requested grounds for relief was sufficient to avoid claim preclusion under ORS 138.550(3), then it would be "absolutely impossible that there be any finality to this type of litigation." Id . at 311, 417 P.2d 993. All a petitioner would need to do would be to "allege that his attorneys in each of his previous proceedings were unfaithful to [his] trust, and the door [would be] opened wide to relitigate ad infinitum ." Id . That result, this court explained, would be inconsistent with the PCHA's res judicata provisions. As this court had held in Delaney v. Gladden , 232 Or. 306, 374 P.2d 746 (1962), cert. den. , 372 U.S. 945, 83 S.Ct. 940, 9 L.Ed.2d 970 (1963), with respect to ORS 138.550(2), another res judicata provision of the PCHA, " '[t]he state is not obliged to provide a forum to hear and rehear cases that have already reached a lawful termination.' " Church , 244 Or. at 312, 417 P.2d 993 (quoting Delaney , 232 Or. at 308, 374 P.2d 746 ).
This court reasoned that, although the petitioner had been represented by counsel in his first case, the petitioner himself had a duty to act when his attorney had refused his requests to raise the grounds for relief. In language that has been often quoted since, this court stated:
"If petitioner's attorney in the first post-conviction proceeding failed to follow any legitimate request, petitioner could not sit idly by and later complain. He must inform the court at first opportunity of his attorney's failure and ask to have him replaced, or ask to have him instructed by the court to carry out petitioner's request. "
Id . at 311-12, 417 P.2d 993 (emphasis added). Because the petitioner had not informed the post-conviction court of the grounds for relief that his attorney had refused to raise, this court concluded that the petitioner had "acquiesced" in his attorney's failure to raise them and, therefore, could not raise them in his second post-conviction case. Id . at 312, 417 P.2d 993.
The broad language in Church regarding a petitioner's obligation to inform the post-conviction court if **469 counsel is failing to "follow any legitimate request," could be read as authorizing a petitioner to seek court assistance whenever the petitioner disagrees with counsel regarding the litigation of his or her case. But, in Johnson , this court held that the Church holding is limited by its factual context. It simply identifies steps a petitioner can take when counsel has failed to raise a ground for relief. 355 Or. at 877, 333 P.3d 288.
In Johnson , the petitioner was convicted of aggravated murder, and after an unsuccessful appeal, he filed a petition for post-conviction relief. The post-conviction court granted the petition, and the defendant appealed. The petitioner filed a pro se notice of cross-appeal and multiple pro se motions. After learning that the petitioner was represented by appellate counsel, the defendant moved to strike the petitioner's pro se motions. The Appellate Commissioner denied the motion in part, and the defendant petitioned for reconsideration by the Court of Appeals. The Court of Appeals held that Church authorizes a represented petitioner to file pro se motions in some circumstances; specifically,
" '[a] petitioner who is represented by appointed counsel on appeal may file a motion in his or her own name based on a showing that the petitioner has a good faith and objectively reasonable belief that counsel lacks, or is failing to exercise the *725 "skills and experience commensurate with the nature of the conviction and complexity of the case." ' "
Johnson , 355 Or. at 870, 333 P.3d 288 (quoting Court of Appeals' Order on Reconsideration (quoting ORS 138.590 ) ). Applying that holding, the Court of Appeals concluded that the petitioner had failed to make the requisite showing and struck the petitioner's pro se motions. The defendant petitioned for review, challenging the Court of Appeals' interpretation of Church .
On review, this court in Johnson began by noting that it was well-established that a represented party must appear through counsel. 355 Or. at 871-72, 333 P.3d 288 ; see ORS 9.320 ("Where a party appears by attorney, the written proceedings must be in the name of the attorney who is the sole representative of the client[.]"); ORCP 17 (requiring that a represented party's court documents be signed by the party's attorney); ORAP 1.40(4) (adopting ORCP 17"as a rule of appellate procedure applicable to the Supreme Court and **470 the Court of Appeals"). This court then considered whether Church created an exception to that rule, and concluded that it did not. As set forth above, it held:
"[N]othing in the opinion sanctions the sort of hybrid representation that permits a post-conviction petitioner to be represented by counsel and, at the same time, flood the court with pro se motions and other requests for relief any time the petitioner disagrees with counsel's prosecution of the case. Church says no more than this: If a post-conviction petitioner's attorney fails to assert a ground for relief, the petitioner must bring that fact to the attention of the court to avoid the effect of ORS 138.550(3) ."
Johnson, 355 Or. at 877, 333 P.3d 288 (emphasis added). Thus, Church "did not sanction pro se filings to complain about the failure of counsel to agree with a post-conviction petitioner on every single issue of trial strategy." Id . Properly understood in the context of the question presented in the case, Church "is limited to the matter of attempting to relitigate a 'ground for relief' within the meaning of ORS 138.550(3)." Id .
Applying that view of Church , this court affirmed the Court of Appeals' disposition of the petitioner's pro se motions. Id . at 878, 333 P.3d 288. This court held that, even assuming Church applies in appeals, as the petitioner had argued, the petitioner's pro se motions did not come "within the ambit of Church " because none of them concerned "whether petitioner's appellate counsel had declined to advance a ground for post-conviction relief." Id .
Thus, Johnson clarified two important limits of Church . First, Church does not authorize hybrid representation. It does not create an exception to the general rule that a represented party must appear through counsel. Consequently, if a represented petitioner files a motion that purports to be based on Church but actually is an attempt at hybrid representation, the post-conviction court may strike the motion. See ORS 9.320 (providing that, "where a party appears by attorney," the attorney "is the sole representative of the client"); State v. Stevens , 311 Or. 119, 123-25, 806 P.2d 92 (1991) (holding that, in a criminal case, there is no state constitutional right to hybrid representation, but a trial court may allow such representation). For example, if **471 a represented petitioner files a motion to personally litigate grounds for relief in addition to those being litigated by the petitioner's attorney, the court may strike the motion.
Second, Church identified a means for petitioners to raise a concern about counsel, specifically, a concern about counsel's failure to raise one or more grounds for relief. Church did not authorize petitioners to seek court intervention to resolve every disagreement they may have with counsel. Thus, a pro se motion that, for example, asks a court to instruct counsel to conduct certain depositions or call certain witnesses at trial is not a proper Church motion. As we understand Church , as clarified by Johnson , the purpose of a proper Church motion is to notify the post-conviction court that counsel has failed to raise certain grounds for relief and to ask the court to either replace counsel or instruct counsel to raise those grounds for relief. Thus, a proper Church motion is, essentially, *726 a motion for substitution of counsel or for the less drastic remedy of instruction of counsel.
Neither Church nor Johnson address what a petitioner must show to secure substitution or instruction of counsel. But because both of those actions require court intervention into an attorney-client relationship, we conclude that, for a court to be required to substitute or instruct a petitioner's attorney, the petitioner must have a "legitimate complaint" about counsel. See State v. Langley , 314 Or. 247, 257, 839 P.2d 692 (1992), adh'd to on recons , 318 Or. 28, 861 P.2d 1012 (1993) (stating that a criminal defendant has "no right to have another court-appointed lawyer in the absence of a legitimate complaint concerning the one already appointed for him" (internal quotation marks omitted) ).
Although Church states that a petitioner may "ask to have [counsel] replaced, or ask to have [counsel] instructed by the court to carry out petitioner's request," 244 Or. at 311-12, 417 P.2d 993, we conclude that the showing a petitioner must make is the same regardless of which remedy the petitioner seeks, because, although instruction of counsel may be a less drastic remedy, it requires the court to intervene in the attorney-client relationship in a directive way and such intervention is appropriate only when the petitioner has a legitimate complaint against his attorney. If a petitioner **472 makes the required showing for substitution of counsel, the post-conviction court can replace counsel or take the lesser step of instructing counsel, if it determines that counsel will follow the instruction. See Smith , 339 Or. at 525, 123 P.3d 261 (stating that "a trial court has an obligation to consider and grant or deny a motion for substitute counsel" and such a motion "should be granted if the defendant's complaint is legitimate and denied if it is not").
As with a motion for substitution of counsel in a criminal case, a petitioner who files a Church motion bears the burden of establishing that substitution of counsel is appropriate. Id . at 524, 123 P.3d 261 (observing that in State v. Davidson , 252 Or. 617, 619-20, 451 P.2d 481 (1969), this court "placed the obligation of coming forward with 'adequate reasons' for the substitution of counsel or a 'legitimate complaint' about existing counsel squarely on the defendant"). In a criminal case, one way a defendant can establish that substitution of counsel is appropriate is by showing that counsel is failing to provide adequate representation. Langley , 314 Or. at 258, 839 P.2d 692 (observing that a "legitimate complaint" about appointed counsel "is one that is based on an abridgement of a criminal defendant's constitutional right to counsel," which "requires adequate performance of an appointed lawyer's professional assistance"). Counsel in a criminal case fails to provide adequate representation if he or she fails "to exercise reasonable professional skill and judgment." Trujillo v. Maass , 312 Or. 431, 435, 822 P.2d 703 (1991). Although the right to counsel in a post-conviction case is statutory, not constitutional, appointed counsel-like all counsel-must exercise reasonable professional skill and judgment. Consequently, a petitioner can establish that replacement or instruction of counsel is appropriate if counsel is failing to exercise reasonable professional skill and judgment.
To summarize, we conclude that (1) the purpose of a petitioner's Church motion is to inform the post-conviction court that petitioner's counsel has failed to assert a ground for relief and to ask the court either to replace counsel or to instruct counsel to assert the ground for relief; (2) given that purpose, a petitioner must make a legitimate complaint regarding counsel; (3) a legitimate complaint includes a **473 complaint that counsel is not exercising reasonable professional skill and judgment. Based on those conclusions, we further conclude that, to prevail on a Church motion, a petitioner must show that counsel has failed to raise a ground for relief and, in doing so, has failed to exercise reasonable professional skill and judgment.
Thus, the inquiry that a post-conviction court must make in response to a Church motion is whether the petitioner's complaint about counsel is legitimate. Contrary to petitioner's argument in this case, it is not whether the grounds for relief that the petitioner wants to raise are legitimate. Counsel may make strategic choices about *727 which grounds for relief to assert and may decline to assert a ground for relief, even if it is supported by fact and law, in order to focus on more promising grounds for relief. See Krummacher v. Gierloff , 290 Or. 867, 875, 627 P.2d 458 (1981) (stating that a lawyer is not required to "automatically do the defendant's bidding in all respects or otherwise suspend the operation of professional ethics and judgment[,] * * * [or] expend time and energy uselessly or for negligible potential benefit under the circumstances of the case"). Thus, the question before a court ruling on a Church motion is whether the petitioner has established that, in choosing which grounds for relief to raise, counsel has failed to exercise reasonable professional skill and judgment.
As with motions for substitution of counsel in criminal cases, the steps that a post-conviction court takes in response to a Church motion may vary. The post-conviction court has an obligation to consider and rule on the motion. See Smith , 339 Or. at 525, 123 P.3d 261 (describing trial court's duties regarding motions for substitution of counsel). But whether the court will need to hold a hearing, inquire of counsel, or take other steps will depend on the circumstances. See id. at 530, 123 P.3d 261 ("[A] trial court should exercise its discretion in ruling on a motion for appointment of new counsel, engaging in such inquiry as the nature of defendant's complaint requires."). As in a criminal case,
"determining the legitimacy of any complaint about appointed counsel is case- and fact-specific, and it leaves **474 to the trial court the task of weighing whatever the defendant puts before that court in light of all the other known circumstances, such as the judge's personal observations of the performance of counsel."
Id . at 525, 123 P.3d 261.
When determining what steps to take in response to a Church motion and when ultimately ruling on the motion, a post-conviction court should consider the importance of post-conviction counsel, given the PCHA's strict res judicata provisions, and the fact that a petitioner cannot bring a subsequent post-conviction case to challenge the adequacy of post-conviction counsel. At the same time, the court should consider the potential problems that could arise if it intervenes too much in the attorney-client relationship. See Smith , 339 Or. at 529, 123 P.3d 261 (noting that certain inquiries into complaints about counsel can raise issues about, among other things, "the disclosure of privileged communications, lawyer work product, and trial strategy"). Generally, a post-conviction court presented with a proper Church motion should review the motion and give the petitioner a reasonable opportunity to establish the basis for replacement or instruction of the petitioner's current counsel. See, e.g., id . at 531, 123 P.3d 261 (holding that the trial court did not abuse its discretion in denying a defendant's motion for substitution of counsel when the court "heard and considered defendant's concerns and concluded that defendant had not demonstrated a legitimate reason for the court to appoint substitute counsel"). In some cases, a court may be able to make its ruling based solely on the petitioner's written motion; in other cases, a hearing may be required.
If a post-conviction court denies a petitioner's Church motion, but the petitioner still wants to raise the grounds for relief that counsel has declined to raise, the petitioner can move to dismiss counsel and proceed pro se and, if that motion is granted, raise the grounds personally. Alternatively, the petitioner can continue with current counsel and, if need be, challenge the denial of the Church motion on direct appeal, just as a defendant can challenge the denial of a motion for substitution of counsel in a criminal case.
**475 The process established by Church for petitioners to seek court intervention to ensure claims are raised should not lead to serial pro se filings. Because the purpose of a proper Church motion is to enable a petitioner to raise concerns about counsel's failure to assert certain grounds for relief in a petition, a court could establish a rule requiring petitioners to raise all such concerns in a single filing and within a specific time period following counsel's filing of the petition, with an exception for good cause. See, e.g. , Malheur County Circuit Court Supplementary Local Rule 4.105(2) (requiring petitioners to file *728 "any Church claims, together with supporting evidence" "[n]o later than sixty (60) days after receipt of the amended petition or notice of intent to proceed on the original petition").
With that understanding of what constitutes a proper Church motion and what a post-conviction court is required to do in response to a Church motion, we return to the parties' arguments in this case. As mentioned, petitioner argues that the post-conviction court erred in its response to his second series of pro se motions. Specifically, he argues that the post-conviction court erred by denying the motions, because it did not determine whether they were " 'legitimate', that is, supported by fact and law." Petitioner further argues, in the alternative, that even if the post-conviction court made that determination, it erred because it did not make a record of its reasons for the determination.
We conclude that the post-conviction court did not err in its response to petitioner's second series of pro se motions. Some of the motions were attempts at hybrid representation and were properly rejected as such. Only three of the motions concerned grounds for relief that petitioner wanted to assert, and only one of those asked the court to instruct counsel to raise a ground for relief. Contrary to petitioner's argument on review, the court was not required to determine whether each of the grounds for relief that petitioner had identified was supported by fact and law. That is because, when deciding whether to replace or instruct counsel pursuant to Church , the question for the post-conviction court is whether petitioner's complaint about counsel is legitimate; that is, whether petitioner has established that **476 counsel's failure to raise a ground for relief constitutes a failure to exercise reasonable professional skill and judgment. The record in this case shows that the court considered that question and resolved it against petitioner. The court reviewed petitioner's filings, held a hearing on them, listened to petitioner's arguments about the grounds for relief he wanted asserted, and concluded that petitioner had failed to establish that the grounds for relief had to be added to the petition. As evidenced by its denial of the request for replacement counsel petitioner made at the hearing, the court concluded that petitioner had failed to establish that counsel was failing to exercise reasonable professional skill and judgment.[5] Therefore, the post-conviction court did not err as petitioner argues.
We turn finally to the state's argument on review. As described above, the state argues that the Court of Appeals erred in holding that, because petitioner had "followed Church 's directive by bringing [his pro se claims] to the attention of the post-conviction court below in this proceeding," ORS 138.550(3) would not bar him from raising those claims in a subsequent post-conviction proceeding. The state argues that the Court of Appeals' holding is inconsistent with ORS 138.550(3), is not supported by Church , and, is contrary to the limits on successive post-conviction proceedings and hybrid representation, which this court recognized in Church and Johnson .
We agree with the state. The Court of Appeals' holding is inconsistent with ORS 138.550(3)'s limit on successive post-conviction proceedings. ORS 138.550(3) requires petitioners to raise all of their grounds for relief in their first post-conviction case, and provides that any ground that is not raised is waived, unless it could not reasonably have been raised in the first case. In Church , this court held that, for the purposes of ORS 138.550(3), the fact that a petitioner's attorney declined to raise a ground for relief does not mean that the ground could not reasonably have been raised. But the Court of Appeals' holding in this **477 case would allow petitioners to raise grounds for relief, even though they could reasonably have been raised in an earlier post-conviction case, and that is contrary to the text of ORS 138.550(3). *729 Church does not suggest that, if a petitioner informed the post-conviction court of grounds for relief that petitioner's counsel was not raising, the petitioner could raise those grounds in a subsequent post-conviction case. To the contrary, Church stated that a petitioner could inform a post-conviction court of such grounds for relief and ask the court either to replace counsel or instruct counsel to raise the grounds for relief. The remedies that Church identifies-replacement or instruction of counsel-would result in the grounds for relief being raised in the current post-conviction case, not preserved for a future case.
In Church , this court recognized that ORS 138.550(3) was intended to limit serial litigation of post-conviction cases arising out of a single criminal prosecution, and in Johnson this court held that post-conviction petitioners do not have a right to hybrid representation. The Court of Appeals' holding in this case is at odds with both Church and Johnson , because it would allow serial litigation and enable petitioners to engage in hybrid representation. Under the Court of Appeals' holding, if a petitioner informed the post-conviction court of grounds for relief that counsel was not raising, the petitioner could bring a second post-conviction case and ask counsel in that case to raise the claims. If petitioner's second counsel also declined to raise the claims, the process could repeat and result in ad infinitum litigation, which this court warned against in Church . If the petitioner elected to represent himself or her-self in the second post-conviction case, then the petitioner would be able to engage in hybrid representation by raising claims through counsel in the first case and then raising claims personally in the second. As the state correctly points out, that would simply be "hybrid representation in a different form-and one that is more inefficient, because the counseled and pro se litigation would proceed sequentially rather than in parallel."
In sum, we conclude that the post-conviction court did not err in its response to petitioner's pro se motions, but **478 the Court of Appeals did err in holding that, because petitioner filed the motions, ORS 138.550(3) would not bar him from later raising the claims he had identified in the motions.
B. Bogle v. Nooth
We now turn to the issue presented in Bogle v. Nooth . As mentioned previously, the post-conviction court dismissed the petition in Bogle v. Nooth on two alternative grounds: (1) ORCP 21 A(3), which provides that a defendant may move to dismiss an action on the ground "that there is another action pending between the same parties for the same cause," and (2) ORS 138.550(3), which provides that any "grounds for relief" that were not "asserted in the original or amended petition" are "deemed waived" unless they "could not reasonably have been raised in the original or amended petition."
On review, petitioner argues that neither ORCP 21 A(3) nor ORS 138.550(3) authorized the post-conviction court to dismiss his petition for post-conviction relief. Regarding the dismissal under ORCP 21 A(3), petitioner asserts that the rule does not apply in post-conviction proceedings because it is inconsistent with ORS 138.550(3). In petitioner's view, ORCP 21 A(3) would not allow simultaneous post-conviction cases arising out of the same underlying criminal conviction, but ORS 138.550(3) would, if the later-filed petition for post-conviction relief asserted "grounds for relief" that "could not reasonably have been raised" in an earlier petition. Therefore, petitioner reasons, the rule and statute are inconsistent and, because the statute is specific to post-conviction cases, it controls. See Mueller v. Benning , 314 Or. 615, 621 n. 6, 841 P.2d 640 (1992) (the Oregon Rules of Civil Procedure apply to post-conviction proceedings unless the post-conviction statutes provide otherwise); see also ORS 174.020(2) (when statutes conflict, the more specific statute controls).
Petitioner also argues that the post-conviction court erred in concluding that ORS 138.550(3), which bars successive claims, justified the dismissal because, according to petitioner, the court applied the wrong test for determining whether the claims were barred. Specifically, petitioner **479 argues that the post-conviction court dismissed the claims under ORS 138.550(3) based on its determination *730 that the action involved "the same body of operative facts, but that the appropriate standard, based on the text of ORS 138.550(3), is whether the grounds "could not reasonably have been raised" in an earlier petition.
The Court of Appeals held that petitioner did not preserve his argument that ORCP 21 A(3) does not apply in post-conviction proceedings, and petitioner does not dispute that holding. Instead, he asserts-for the first time in this case-that the post-conviction court's application of ORCP 21 A(3) was "plain error." However, petitioner makes no argument that the error is not reasonably in dispute and we conclude that the post-conviction court's error, if any, is not so obvious that it is beyond reasonable dispute. State v. Serrano , 355 Or. 172, 179, 324 P.3d 1274 (2014) (to qualify as "plain error," an asserted error must be one of law that is apparent on the face of the record and not reasonably in dispute). Because the post-conviction court dismissed petitioner's petition based on ORCP 21 A(3) and, in the alternative, ORS 138.550(3), and petitioner has failed to establish that the court erred by relying on the former, we need not determine whether the court erred by relying on the latter.
III. CONCLUSION
In sum, in Bogle v. State, we conclude that the post-conviction court did not err in its response to petitioner's pro se motions. Contrary to petitioner's argument, Church does not require a post-conviction court to determine whether each claim that a petitioner asserts counsel should raise is supported by facts and law. Instead, Church simply provides that, if counsel declines to raise a ground for relief that the petitioner wants to be raised, the petitioner can ask the court to replace counsel or instruct counsel to raise the ground for relief. To be entitled to such court action, the petitioner must establish that counsel's failure to raise the claim constitutes a failure to exercise reasonable professional skill and judgment. In this case, the post-conviction court determined that petitioner failed to carry that burden. Therefore, the court did not err.
**480 In Bogle v. Nooth , we conclude that petitioner has not established that the post-conviction plainly erred in dismissing that case based on ORCP 21 A(3).
The decisions of the Court of Appeals and the judgments of the circuit court are affirmed.

ORCP 17 provides that an attorney who signs a filing certifies, among other things, "that the claims, defenses, and other legal positions taken *** are warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law" and "that the allegations and other factual assertions *** are supported by evidence." ORCP 17 C(3)-(4).

Petitioner's second series of pro se motions included motions relating to grounds for relief he wanted to assert and motions relating to other matters. The motions relating to grounds for relief included a renewed Church motion, a motion to allow new pro se claims, and a motion to amend the petition to include a claim of prosecutorial misconduct. Of those, only the last motion asked the post-conviction court to instruct petitioner's counsel to raise a ground for relief. The motions relating to other matters included a motion to supplement the record, a motion to disqualify the judge, a motion to separate the consolidated post-conviction cases, and a motion to compel petitioner's attorney to "either question witnesses via investigator, or by and through depositions."

Petitioner filed pro se supplemental petitions for review, which we allowed, and pro se supplemental briefs. We reject without further discussion petitioner's arguments in those briefs.

Collins and Neil participated in the drafting of the PCHA and wrote their article on the act shortly after the act was adopted. This court has repeatedly looked to the article to understand the meaning of the act. Verduzco v. State of Oregon , 357 Or. 553, 570, 355 P.3d 902 (2015) (citing Johnson , 355 Or. at 874-75, 333 P.3d 288, and Benson v. Gladden , 242 Or. 132, 135, 407 P.2d 634 (1965) ).

As mentioned, the second series of pro se motions included three motions concerning claims petitioner wanted to assert. Two of those motions did not expressly ask the court either to replace or instruct counsel. To the extent that those motions were attempts at hybrid representation, they could be struck.