No. 686    September 25, 2024    261

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

GREGORY GORMAN GOFF,
*Petitioner-Appellant,*

*v.*

Corey FHUERE,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
21CV15039; A179830

Thomas M. Hart, Judge.

Submitted August 14, 2024.

Michael Curtis filed the brief for appellant. Gregory Gorman Goff filed the supplemental brief and reply brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Petitioner appeals a judgment denying post-conviction relief (PCR) from his 1990 aggravated murder conviction. In a counseled assignment of error, petitioner argues that the PCR court erred in granting the state's motion for summary judgment, because ORS 138.510(3)—which sets a statute of limitations for PCR petitions—is unconstitutional. In a *pro se* supplemental brief, petitioner argues that the PCR court did not properly review his *Church v. Gladden* motion and that ORS 163.150—which allows a defendant to waive the right to a jury trial—is unconstitutional. We affirm.

We review the PCR court's denial of relief for legal error and accept the court's implicit and explicit factual findings, provided there is evidence to support them. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015).

In his first assignment of error, petitioner does not dispute that his appeal was time-barred under ORS 138.510(3), but he argues that imposing a statute of limitations for a PCR petition amounts to an unconstitutional suspension of habeas corpus. That argument is foreclosed by the Supreme Court's holding in *Bartz v. State of Oregon*, 314 Or 353, 365-66, 839 P2d 217 (1992) (explaining that the statutory period does not impermissibly suspend habeas corpus because it provides a "reasonable opportunity to seek post-conviction relief"). Petitioner asserts that *Bartz* was incorrectly decided and requests that we overturn it; however, we are without the authority to do so. *See State v. DeJong*, 368 Or 640, 646 n 5, 497 P3d 710 (2021) (explaining that the Court of Appeals cannot overrule Supreme Court precedent).

Petitioner advances three additional *pro se* assignments of error. First, he argues that the PCR court did not properly review his *Church v. Gladden* motion, in which he requested that the court instruct his counsel to raise six additional claims. Reviewing for an abuse of discretion, *Bogle v. State of Oregon*, 363 Or 455, 458, 423 P3d 715 (2018), we disagree.

Petitioner's *Church v. Gladden* claims were reviewed in accordance with the guidelines set out in *Bogle,* which

explains that, when presented with a *Church v. Gladden* motion, a court should review the filings and provide the petitioner with a reasonable opportunity to establish their claim. *Id.* at 474. The PCR court did just that—it received filings outlining petitioner's arguments and indicated that it reviewed the documents relating to petitioner's *Church v. Gladden* motion. When given the opportunity to address the court, petitioner declined, and the court then briefly summarized the claims and issued its judgment. We discern no error in the PCR court's ruling.

Petitioner's second and third *pro se* claims appear to argue that ORS 163.150(3)(c),[1] which allows a defendant to waive trial by jury in favor of a plea, is unconstitutional under Article I, section 11, of the Oregon Constitution. *See* Or Const, Art I, § 11 ("[A]ny accused person, in other than capital cases, *** may elect to waive trial by jury and consent to be tried by the judge of the court alone.").

According to petitioner, the limitation of the phrase "other than capital cases" on the ability to waive trial by jury means that defendants in capital cases may not plead guilty and stipulate to a sentence. However, the text of the quoted provision only addresses the inability to waive jury trial in favor of a bench trial. Petitioner cites no authority to support extending that limitation on a capital defendant's ability to waive jury trial to the ability to plead guilty.

Affirmed.

---

[1] ORS 163.150(3)(c) states:

"Nothing in this subsection shall preclude the court from sentencing the defendant to life imprisonment *** or life imprisonment without the possibility of release or parole *** pursuant to a stipulation of sentence or stipulation of sentencing facts agreed to and offered by both parties if the defendant waives all rights to a jury sentencing proceeding."