588 August 13, 2025 No. 726

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ALEJANDRO PONCE,
*Defendant-Appellant.*

Lane County Circuit Court
20CR03315; A181643

Jay A. McAlpin, Judge.

Submitted July 9, 2025.

Ernest Lannet, Chief Defender, Criminal Appellate Section, and Stephanie J. Hortsch, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Defendant appeals from a judgment of conviction for several crimes, including first-degree murder. He raises two assignments of error. First, he contends that the trial court abused its discretion when it denied defendant's motion for substitution of his court-appointed counsel. Second, he contends that the trial court erred in denying his motion to declare borderline personality disorder to be a "qualifying mental disorder." *See* ORS 161.300 (evidence that a person suffers from a qualifying mental disorder is relevant to whether a person had "the intent which is an element of the crime"). As to that second assignment of error, defendant acknowledges that *State v. Smith*, 333 Or App 667, 669-72, 553 P3d 604 (2024), in which we concluded that borderline personality disorder is not a qualifying mental disorder, controls. We agree and therefore conclude that the trial court correctly denied defendant's motion.

As to defendant's first claim of error, we conclude that the trial court properly exercised its discretion in denying defendant's motion for substitute counsel. *State v. Langley*, 314 Or 247, 257-58, 839 P2d 692 (1992), *adh'd to on recons*, 318 Or 28, 861 P2d 1012 (1993) (reviewing denial of motion for substitute counsel for abuse of discretion). Defendant moved to replace his court-appointed counsel on the basis that counsel failed to adequately communicate with him, pointing to a three-week lag in communication during which defendant was concerned that he missed a deadline to accept a plea offer. Defendant acknowledged that he had a new plea deal that was "better" than the previous one and had time to accept that plea but was nevertheless concerned about the lack of communication with counsel.

Having reviewed the record, we conclude that the trial court—considering, as it must, all of the facts and circumstances of the case—properly exercised its discretion in concluding that defendant did not carry his burden to show that he had a legitimate complaint about his existing counsel. *See Bogle v. State of Oregon*, 363 Or 455, 472, 423 P3d 715 (2018) (a defendant bears the burden to show that they have a legitimate complaint about counsel). The court noted that it had to "balance [defendant's] right to effective counsel

and the need for an orderly and efficient treatment of process," which included the "timing of cases, the availability of counsel, the interest that the [s]tate has of being able to go forward on a set date and the interest of the victims in the case to have some sort of closure." The court explained that the case had been pending for some time and that, because defendant had already received two substitutions of court-appointed counsel, no locally available attorneys remained, and the court had had to go "further afield" to appoint the current court-appointed counsel. Critically, the court found that counsel had been "diligent in his work on this case" and had been "clear about his competing obligations." As to that later point, the court observed that defendant's counsel had communicated with the court about the time that defendant's case required, including the need for additional settlement conferences, and that counsel's advocacy had been effective, inasmuch as he had secured defendant a better plea offer. *See Bogle*, 363 Or at 472 (one key factor in determining whether a defendant has met their burden is whether existing counsel had exercised reasonable professional skill and judgment).

We thus conclude that the trial court properly exercised its discretion in denying defendant's motion for substitute court-appointed counsel.

Affirmed.