Argued and submitted February 5, 2018, affirmed January 15, 2020

TYRONE EARL WALTON,
*Petitioner-Appellant,*

*v.*

John MYRICK,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
CV140122; A162169

459 P3d 250

Petitioner appeals a judgment denying his successive petition for post-conviction relief (PCR), assigning error to the PCR court's decision to grant defendant's motion for summary judgment. Petitioner contends that he was entitled to raise new PCR claims in a successive petition because his counsel failed to raise those claims, and he unsuccessfully attempted to file a *pro se* petition raising them himself, in the initial PCR proceeding. *Held*: Petitioner's assignment of error regarding raising new claims in his successive petition fails in light of the Supreme Court's decision in *Bogle v. State of Oregon*, 363 Or 455, 423 P3d 715 (2018). Under *Bogle*, a petitioner who is dissatisfied with his or her counsel may choose either to remain represented by counsel or to proceed *pro se*. The petitioner may not, however, pursue hybrid representation by filing both counseled and *pro se* PCR petitions. Accordingly, the PCR court did not err in denying petitioner's petition for relief.

Affirmed.

J. Burdette Pratt, Senior Judge.

Lindsey Burrows argued the cause for appellant. Also on the briefs was O'Connor Weber LLC.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeHoog, Presiding Judge, and Aoyagi, Judge, and Hadlock, Judge pro tempore.

HADLOCK, J. pro tempore.

Affirmed.

**HADLOCK, J. pro tempore**

Petitioner appeals a judgment denying his 2015 successive petition for post-conviction relief. For the reasons set out below, we affirm.

The pertinent facts are procedural and undisputed. Petitioner was convicted of two counts of aggravated murder in 1988 and, after a series of appeals and remands, ultimately received consecutive life sentences with 30-year minimum terms on those two counts. *Walton v. Thompson*, 196 Or App 335, 102 P3d 687 (2004), *rev den*, 338 Or 375 (2005).[1] Petitioner sought post-conviction relief in the late 1990s, alleging "that trial counsel, as well as appellate counsel involved in [his first direct appeal], were inadequate in numerous respects"; he also raised a prosecutorial misconduct claim in that post-conviction action and alleged that the sentences imposed were not authorized by law. *Id*. at 338. The post-conviction court denied relief and we affirmed. *Id*. at 337.

Petitioner subsequently obtained federal habeas corpus relief on a claim that one of his lawyers had failed to timely confer with petitioner about the possibility of appeal from a particular judgment. *Walton v. Hill*, 652 F Supp 2d 1148, 1170 (D Or 2009). The relief granted was a direct appeal, *id*., which petitioner initiated in 2009. We affirmed without opinion, and the Supreme Court denied review. *State v. Walton*, 254 Or App 757, 297 P3d 35, *rev den*, 353 Or 788 (2013).

Petitioner filed a successive petition for post-conviction relief in 2015, again raising multiple inadequate-assistance and prosecutorial-misconduct claims. Petitioner's ninth claim for relief related to the 2009 appeal. In that inadequate-assistance claim, petitioner alleged that his appellate lawyer "failed to exercise reasonable professional

---

[1] Petitioner originally was convicted of felony murder and robbery in addition to the two counts of aggravated murder, and he initially was sentenced to death. *Walton v. Thompson*, 196 Or App at 337. The opinions in *Walton v. Thompson*, *id*. at 337-38, and *Walton v. Board of Parole and Post-Prison Supervision*, 267 Or App 673, 674, 341 P3d 828 (2014), describe the history of the direct appeals and remands that followed petitioner's original convictions; except as discussed in the body of this opinion, that history is not pertinent here.

skill and judgment" when he did not include in the appeal a challenge to the denial of a new trial motion that petitioner had filed in 1996. Defendant superintendent moved for summary judgment on most of petitioner's claims (all except the ninth claim for relief) on the ground that the petition was untimely and impermissibly successive with respect to each of those claims, which petitioner raised or could have raised in his first post-conviction case. In response, petitioner asserted that he was entitled to raise the claims in a successive petition because he could not have reasonably raised them in his initial petition. The post-conviction court granted defendant's summary-judgment motion, leaving only petitioner's ninth claim for relief to go to trial.

In his trial memorandum, petitioner acknowledged that his lawyer in the 2009 appeal *had* challenged the denial of the new-trial motion. Petitioner asserted in the memorandum that counsel nonetheless had failed "to *properly* appeal" the denial of that motion because counsel had not based his appellate argument "on federal grounds" and, therefore, had not exhausted petitioner's state remedies. (Emphasis added.) In a footnote on page 23 of the 24-page memorandum, petitioner sought "to amend this claim by interlineation."

In his own trial memorandum, defendant superintendent asserted that petitioner's ninth claim for relief would fail because, as petitioner belatedly had acknowledged, appellate counsel had challenged the denial of petitioner's new-trial motion, contrary to the allegation in the post-conviction petition. Defendant also objected to petitioner's request to amend the petition by interlineation.

At a hearing on the day of trial, defendant reiterated his objection to petitioner's request to amend the ninth claim by interlineation. Petitioner responded that the amendment was "pretty minor" as it sought only to clarify that appellate counsel "failed to properly federalize the one claim [regarding denial of the new-trial motion] on appeal." Petitioner directed the court to the footnote in his trial memorandum, and the court asked why he had not sought to amend the claim before he filed that memorandum. Petitioner indicated that it was in the course of drafting the memorandum that "we took a closer look at the appeal

that [counsel] did file" and, "upon further consideration of that appeal it appears that really the only thing that was left out of that appeal was the federalization of that claim." Defendant asserted that petitioner should not be permitted to raise "something different and new at this point in the footnote of the trial memorandum." The court expressed its agreement with the state and denied the request to amend as untimely. Following trial, the court rejected petitioner's ninth claim on its merits (because counsel had, contrary to the allegation in the petition, challenged the denial of petitioner's new-trial motion), resulting in a complete denial of petitioner's successive petition for post-conviction relief.

On appeal, petitioner raises two challenges to the post-conviction court's denial of relief. First, petitioner argues that the post-conviction court erred by granting summary judgment on the claims for relief *other than* the ninth claim (the claim related to alleged inadequate assistance of appellate counsel in the 2009 appeal).[2] Petitioner asserts that he was entitled to raise those claims in a successive petition because he had attempted without success to raise them in his initial post-conviction proceeding. Second, petitioner argues that the post-conviction court erred when it denied his motion to amend the ninth claim for relief by interlineation.[3] We reject that second argument without discussion and write only to explain why we also reject petitioner's contention that the trial court erred in granting defendant's summary-judgment motion.

In arguing that he was entitled to raise new claims for post-conviction relief in a successive petition, petitioner acknowledges that ORS 138.550(3) generally requires all post-conviction claims to be brought in the initial post-conviction proceeding. Petitioner asserts, however, that his successive petition was permissible under the "escape clause" found in ORS 138.550(3), which "permit[s] a [post-conviction] petitioner to bring a claim that would be procedurally barred if the 'grounds' on which the petitioner

---

[2] Petitioner makes that argument in conjunction with his first through ninth assignments of error, which relate to the multiple claims for relief on which the post-conviction court granted summary judgment to defendant.

[3] Petitioner raises this argument in conjunction with his 10th assignment of error.

relies were not asserted and could not reasonably have been either asserted or raised in certain described circumstances." *White v. Premo*, 365 Or 1, 4-5, 443 P3d 597 (2019).[4] Petitioner argues that the escape clause is triggered when, as here, (1) the petitioner was represented by counsel in the initial post-conviction proceeding, (2) that lawyer filed a post-conviction petition on the petitioner's behalf that did not include the claims that the petitioner seeks to raise in a successive petition, and (3) the petitioner unsuccessfully attempted to file a supplemental *pro se* petition, raising those additional claims, in the initial post-conviction proceeding. Petitioner notes that he submitted a declaration in response to the summary-judgment motion in which he asserted that he had attempted to file a *pro se* petition raising additional claims in the original post-conviction proceeding, but the original post-conviction court refused to accept that *pro se* filing. That evidence was sufficient to defeat the motion for summary judgment, petitioner argues, because it showed that he had "attempted to raise the same grounds for relief in his prior post-conviction proceeding that he raised in the present case."

Petitioner's argument fails in light of the Supreme Court's decision in *Bogle v. State of Oregon*, 363 Or 455, 458, 423 P3d 715 (2018), which issued after this appeal was fully briefed. In that case, the court emphasized that ORS 138.550(3) places a "limit on successive post-conviction proceedings" and is meant to disallow "serial litigation" of post-conviction claims. *Id*. at 476-77. The court also explained the significance of its earlier statement in *Church v. Gladden*, 244 Or 308, 417 P2d 993 (1966), that a post-conviction petitioner whose lawyer does not "follow any legitimate request" of the petitioner cannot "sit idly by and later complain," but instead "must inform the [post-conviction] court at first

---

[4] ORS 138.550(3) provides, in its entirety:

"All grounds for relief claimed by petitioner in a petition pursuant to ORS 138.510 to 138.680 must be asserted in the original or amended petition, and any grounds not so asserted are deemed waived unless the court on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition. However, any prior petition or amended petition which was withdrawn prior to the entry of judgment by leave of the court, as provided in ORS 138.610, shall have no effect on petitioner's right to bring a subsequent petition."

opportunity of [the] attorney's failure and ask to have [the attorney] replaced or ask to have [the attorney] instructed by the court to carry out [the] petitioner's request." *Bogle*, 363 Or at 468 (quoting *Church*, 244 Or at 311-12). All that statement means, the court explained in *Bogle*, is that a represented petitioner who has a legitimate complaint about counsel may move the post-conviction court to either appoint substitute counsel or instruct counsel. *Id.* at 472-73. If the petitioner's *Church* complaint is based on counsel's refusal to raise a particular claim for relief, and the court declines to either substitute counsel or instruct counsel to raise the claim, then the petitioner has two ways to pursue the issue further. First, the petitioner may seek to dismiss counsel and proceed *pro se*. *Id.* at 474. Alternatively, the petitioner "can continue with current counsel and, if need be, challenge the denial of the *Church* motion on direct appeal." *Id.*

Thus, as clarified in *Bogle*, *Church* provides a few different avenues of relief for a petitioner who is dissatisfied with his or her counsel, all of which must be pursued in the context of the original post-conviction proceeding (either in the circuit court or on appeal) and all of which require the petitioner to choose *either* to be represented by counsel *or* to proceed *pro se*. In no case does *Church* authorize hybrid representation, that is, the filing of both a counseled post-conviction petition *and* a *pro se* petition (like petitioner sought to accomplish in the first post-conviction proceeding here). *Id.* at 470-71. Moreover, under *Bogle*, the fact that a represented petitioner failed in his or her effort to raise additional claims in the original post-conviction proceeding (beyond those raised by counsel) will not justify the filing of a new, successive post-conviction petition under ORS 138.550(3). *Id.* at 477-78.

Here, petitioner's argument on appeal is that he was entitled to file a successive petition so he could raise claims that he unsuccessfully attempted to raise, *pro se*, in the original post-conviction proceeding in which he was represented by counsel. That argument cannot withstand *Bogle*.

Affirmed.