156                April 30, 2025                No. 374

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TROY CAJE DEMPSEY,
aka Troy Dempsey,
*Defendant-Appellant.*

Multnomah County Circuit Court
17CR33587; A182104

Adrian L. Brown, Judge.

On appellant's petition for reconsideration filed, February 24, 2025, and respondent's response filed March 19, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Bruce A. Myers, Deputy Public Defender, Oregon Public Defense Commission, for petition.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, for response.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Reconsideration allowed; former opinion withdrawn; pursuant to ORAP 5.90(3), we request the parties to file supplemental briefs on whether the trial court properly exercised its authority to revoke probation. Defendant's supplemental brief is due 28 days from the date of this decision.

**LAGESEN, C. J.**

Defendant petitions for reconsideration of our decision in *State v. Dempsey*, 337 Or App 515, 564 P3d 190 (2025). For the reasons that follow, we allow reconsideration, withdraw our decision, and, in accordance with ORAP 5.90, direct counsel for defendant to brief the issue that defendant raised in his *pro se* arguments to us. We do so because the process we employed to resolve defendant's case, if allowed to stand, would violate defendant's right to due process under the United States Constitution, and we appreciate defendant promptly bringing that to our attention. As the branch of government charged routinely with enforcing the guarantees of due process against executive branch actors, it is critical that we, as a branch, ensure that our own processes satisfy due process, and defendant's petition for reconsideration has given us a valuable opportunity to correct course.

This matter was submitted to the court for decision under ORAP 5.90. ORAP 5.90 sets out the procedure applicable when counsel appointed by the court to represent an indigent defendant on appeal concludes that the case does not raise any arguably meritorious issues. That procedure implements the Due Process Clause of the Fourteenth Amendment to the United States Constitution and seeks to ensure substantial equality and a fair process on appeal for indigent defendants. *See State v. Balfour*, 311 Or 434, 438-39, 814 P2d 1069 (1991) (discussing *Anders v. California*, 386 US 738, 739-40, 87 S Ct 1396, 18 L Ed 2d 493 (1967)). That process includes filing what has become known in the Oregon courts as a *Balfour* brief, in reference to the Oregon Supreme Court case that established the Oregon process for implementing the requirements of the Fourteenth Amendment, as construed by the United States Supreme Court in *Anders*, and related cases.

In the instant case, defendant appealed a judgment revoking probation. His appointed counsel filed a *Balfour* brief, which included defendant's *pro se* arguments in Section B of the brief. *See* ORAP 5.90(b). The state filed a respondent's brief addressing the arguments contained in Section B of the brief, and defendant filed a *pro se* reply brief. After reviewing the *Balfour* brief, the state's answering

brief, and defendant's *pro se* reply, we concluded that there may have been an arguable issue as to whether the trial court properly exercised its authority to revoke defendant's probation, but we found good cause to waive the requirement for supplemental briefing, addressed the issue on its merits, and concluded that the trial court did not err. Specifically, we concluded that defendant's *pro se* arguments and the state's responsive arguments adequately presented the legal issue in a way that allowed us to conduct meaningful review, such that it was unnecessary to obtain additional briefing from defendant's appointed counsel. On our own motion, we waived the requirement under ORAP 5.90(3) that we do so, determining that the adequacy of the briefing and efficiency concerns gave us good cause to do so. *See* ORAP 1.20(5) (allowing court to "waive any rule" on good cause shown).

Defendant now petitions for reconsideration, arguing that waiving the requirement for supplemental briefing from appointed counsel will impinge on his due-process rights as discussed in *Balfour* and *Anders*. The state responds that "no rule of law" precludes this court from waiving the requirement for supplemental briefing. Upon review of *Anders*, related United States Supreme Court cases, and *Balfour*, we agree with defendant.

We therefore allow the petition for reconsideration and withdraw our prior decision. Pursuant to ORAP 5.90(3), we request the parties to file supplemental briefs addressing whether the trial court properly exercised its authority to revoke defendant's probation.[1] As contemplated by that rule, defendant may also raise any other "arguably meritorious" issues identified in that briefing process.

## I. FACTS

In January 2018, defendant pleaded no contest to violating a stalking protective order and he was sentenced to five years of probation. Over four years later, in August 2022, the trial court issued a bench warrant because defendant failed to report as directed and failed to notify his

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel. *See, e.g.*, *State v. Daily*, 335 Or App 198, 557 P3d 1153 (2024) (deciding matter submitted through *Balfour* process by two-judge panel); *State v. Goin*, 334 Or App 497, 556 P3d 663 (2024) (same).

probation officer of an address change. In September 2022, defendant wrote a letter to the trial court explaining his situation. The trial court responded by informing defendant of two pending warrants. Defendant did not turn himself in upon learning of the warrants from the trial court, and he was arrested in February 2023.

Thereafter, defendant's probation revocation hearing was set over a number of times. In May 2023, defendant moved to dismiss the probation revocation proceedings on the ground that his probation had expired in January 2023. The trial court determined that defendant had absconded by failing to turn himself in when informed of pending warrants and, based on that determination, the court concluded that defendant's period of probation was tolled between August 2022 and February 2023. As a result of that tolling period, the trial court determined that defendant's probation had not yet expired as of May 2023. The trial court further determined that defendant had violated the terms of his probation, and it imposed a sentence of 40 months in prison and 20 months of post-prison supervision.

Defendant appealed the judgment revoking his probation. His appointed counsel filed a *Balfour* brief. The brief included a Section B, in which defendant argued *pro se* that his probation had expired before the probation revocation hearing. The state filed an answering brief responding on the merits to the *pro se* arguments in Section B of the *Balfour* brief. We granted leave for defendant to file a *pro se* reply brief.

After considering the record and the arguments, we determined that defendant's claim of error was not frivolous, but we did not request supplemental briefing from counsel. Instead, we waived that requirement on our own motion and resolved the claim on the merits, concluding that requesting "additional briefing at this point would not materially aid the decision-making process while needlessly prolonging it." *Dempsey*, 337 Or App at 518. Defendant petitions for reconsideration, contending that we should not have waived the requirement for supplemental briefing. The state opposes the petition.

## II.  ANALYSIS

Occasionally, counsel appointed to represent an indigent defendant on appeal will conclude that there are no meritorious issues for appeal. In *Anders* and a series of related cases, the United States Supreme Court outlined the due process protections that apply in those circumstances. Subsequently, in *Balfour*, 311 Or at 451-52, the Oregon Supreme Court developed an eight-step procedure to implement the *Anders* process in a manner that accommodates both the ethical obligations of counsel and federal constitutional requirements. ORAP 5.90, in turn, was adopted based on the procedure laid out in *Balfour*. Resolving defendant's petition for reconsideration thus requires an understanding of the United States Supreme Court case law addressing these circumstances, and Oregon's implementation of that case law through the *Balfour* decision and ORAP 5.90.

### A.  *United States Supreme Court Cases*

The federal constitutional requirements at play derive from the Fourteenth Amendment to the United States Constitution. *Anders*, 386 US at 744. When appointed counsel concludes that an appeal has no merit, the federal constitutional requirements of "substantial equality and fair process can only be attained where counsel acts in the role of an active advocate," which means that appointed counsel must file "a brief referring to anything in the record that might arguably support the appeal," and the indigent criminal defendant should also be allowed an opportunity to raise any additional points. *Id.*

With regard to the court's obligations, *Anders* stated that "the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. *** [I]f it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." *Id. Anders* noted that appointed counsel's brief would "induce the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also to the legal authorities as furnished it by counsel." *Id.* at 745. The Court

emphasized that indigent criminal defendants must not be forced to "shift entirely" for themselves "while the court has only the cold record which it must review without the help of an advocate." *Id.*

In *McCoy v. Court of Appeals of Wisconsin*, 486 US 429, 438, 108 S Ct 1895, 100 L Ed 2d 440 (1988), the Court reiterated that the principle of substantial equality requires "that appointed counsel make the same diligent and thorough evaluation of the case as a retained lawyer before concluding that an appeal is frivolous." The *Anders* brief "was designed to provide the appellate courts with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability." *Id.* at 439. "To satisfy federal constitutional concerns, an appellate court faces two interrelated tasks ***. First, it must satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal. Second, it must determine whether counsel has correctly concluded that the appeal is frivolous." *Id.* at 442.

In *Penson v. Ohio*, 488 US 75, 80, 109 S Ct 346, 102 L Ed 2d 300 (1988), the Court applied *Anders* in a factual setting similar to the one at issue here, in which the Ohio Court of Appeals resolved the merits of claims presented *pro se* without first requesting briefing from appointed counsel, much as we did in this case. Penson's appointed counsel filed a certification that the appeal was meritless, and he requested leave to withdraw. *Id.* at 77-78. The state appellate court allowed counsel to withdraw, granted Penson time to file an appellate brief *pro se*, and specified that it would thereafter "independently review the record thoroughly" for reversible error. *Id.* at 78 (internal quotation marks omitted). Penson did not submit a brief and he requested appointment of a new attorney, but the court denied the request. *Id.* After making its own examination of the record, the appellate court determined that counsel's certification that the appeal was meritless was "highly questionable," and it found "several arguable claims." *Id.* at 79 (internal quotation marks omitted). In fact, the appellate court reversed Penson's conviction and sentence for one offense. *Id.* Nevertheless, it

concluded that Penson had not been prejudiced by appointed counsel's review of the record because the appellate court had itself thoroughly examined the record and it affirmed Penson's convictions and sentences for the other offenses. *Id*.

The Court held that the state appellate court "did not follow the *Anders* procedures when it granted appellate counsel's motion to withdraw, and that it committed an even more serious error when it failed to appoint new counsel after finding that the record supported several arguably meritorious grounds for reversal of petitioner's conviction and modification of his sentence." *Id*. at 81. The most significant problem was the failure to appoint new counsel after the court found "several arguable claims" in its own review of the record. *Id*. at 83 (internal quotation marks omitted). "As *Anders* unambiguously provides, 'if [the appellate court] finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.'" *Id*. (Quoting *Anders*, 386 US at 744 (brackets in original)).

B.   *The Balfour Process*

Informed by those federal cases, our Supreme Court sought "to configure a system of practice in Oregon's appellate courts that will accommodate the ethical obligations of counsel; satisfy the federal constitutional requirements of effective representation, substantial equality, and fair process for indigent appellants; and serve the perceived needs of an effectively administered appellate decision-making process." *Balfour*, 311 Or 437-38. The Supreme Court set out an eight-step procedure:

"(1)   Appointed appellate counsel shall file a timely notice of appeal (if one has not been filed before counsel was appointed) in all appeals in which the client wishes to take an appeal.

"(2)   Appointed counsel shall review thoroughly the record and discuss the case with trial counsel and the client.

"(3)   If counsel thereafter determines that there are no meritorious issues for appeal, counsel nonetheless shall seek to provide the 'active advocacy' demanded by *Anders*

to the fullest extent ethically possible. That can be done by filing an appellant's brief with the court that meets the following standards.

"(4)   The appellant's brief shall be divided into two sections, Section A and Section B. Section A of the appellant's brief shall contain a statement of the case, including a statement of facts, sufficient to apprise the court of the jurisdictional basis for the appeal. *See* ORAP 5.40(1) to 5.40(4). Section A, under those circumstances, shall contain no assignments of error or argument.

"(5)   Counsel shall also determine whether the client seeks to raise with the court any issue that the lawyer has determined to be frivolous. If the client does not seek to raise any issue, then the appellant's brief shall be comprised solely of Section A, as described above.

"(6)   If the client seeks to raise one or more issues with the court that counsel considers to be frivolous, the brief shall contain a presentation of the issue or issues in a Section B. Section B of the appellant's brief, under those circumstances, shall raise any claim of error requested by the client.

"(7)   Counsel shall provide the client with appropriate legal advice on these claims of error, but shall present to the court in the brief the issue that the client seeks to raise in the manner that the client seeks to raise it. In so doing, counsel's role is limited to attempt to see to it that the client states the issues and arguments in proper appellate brief form and the brief is timely filed.

"(8)   Counsel shall sign Section A of the brief, and the client shall sign Section B of the brief. The Section B presentation does not constitute 'advancing' a frivolous claim and does not, therefore, violate either DR 7–102(A)(2) or DR 2–110(B)(2). Neither does the Section B presentation, signed by the client but not by counsel, subject counsel to sanctions pursuant to ORAP 1.40 (adopting ORCP 17 as a basis for appellate sanctions)."

*Id*. at 451-52.[2] The Supreme Court further explained, "Section B arguments are to be submitted without oral

---

[2] *Balfour* referred to disciplinary rules (DRs) set by the Oregon State Bar. Those DRs have since been replaced by the Rules of Professional Conduct (RPCs). DR 7-102(A)(2) is now contained in RPC 3.1, and DR 2-110(B)(2) is now contained in RPC 1.16(a).

argument, unless otherwise ordered by the court." *Id*. at 452. The court made no mention of the state responding to the Section B arguments.

ORAP 5.90 is based on the *Balfour* decision. It provides as follows:

"(1)   If counsel appointed by the court to represent an indigent defendant in a criminal case on direct appeal has thoroughly reviewed the record, has discussed the case with trial counsel and the client, and has determined that the case does not raise any arguably meritorious issues, counsel shall file an opening brief with two sections:

"(a)   Section A of the brief shall contain:

"(i)   A statement of the case, including a statement of the facts of the case. If the brief contains a Section B with one or more claims of error asserted by the client, the statement of facts shall include facts sufficient to put the claim or claims of error in context.

"(ii)   A description of any demurrer or significant motion filed in the case, including, but not limited to, a motion to dismiss, a motion to suppress and a motion *in limine*, and the trial court's disposition of the demurrer or motion.

"(iii)      statement that the case is being submitted pursuant to this rule, that counsel has thoroughly reviewed the record and discussed the case with trial counsel and the client, and that counsel has not identified any arguably meritorious issue on appeal. If the brief does not contain a Section B, counsel also shall state that counsel contacted the client, gave the client reasonable opportunity to identify a claim or claims of error, and that the client did not identify any claim of error for inclusion in the brief.

"(iv)   Counsel's signature.

"(b) (i)      Section B of the brief is the client's product and may contain any claim of error that the client wishes to assert. The client shall attempt to state the claim and any argument in support of the claim as nearly as practicable in proper appellate brief form. Section B of the brief shall not exceed 48 pages in length. The last page of Section B of the brief shall contain the name and signature of the client.

"(ii)    Counsel's obligation with respect to Section B of the brief shall be limited to correcting obvious typographical errors, preparing copies of the brief as needed, serving the appropriate parties, and filing the original brief and the appropriate number of copies with the court.

"(2)    A case in which appellant's opening brief is prepared and filed under this rule shall be submitted without oral argument, unless otherwise ordered by the court.

"(3)    On reviewing the record and the briefs filed by the parties, if the court identifies one or more arguably meritorious issues in the case, the court shall notify appellant's counsel of the issue or issues so identified. Appellant's counsel shall have 28 days after the date of the court's notice to file a supplemental opening brief addressing those issues. In addition to addressing the issue or issues identified by the court, counsel may address any other arguably meritorious issue counsel has identified. Respondent shall have 28 days after appellant files a supplemental opening brief to file a response or supplemental answering brief addressing the issues raised in the supplemental opening brief.

"(4)    In a case other than a criminal case on direct appeal, court-appointed counsel who determines that there are no meritorious issues on appeal may submit a brief under this rule, in which case the matter will be submitted without oral argument, unless otherwise ordered by the court.

"(5)    In any case in which the appellant is represented by court-appointed counsel on appeal and counsel filed a brief in the Court of Appeals under subsection (1) of this rule, counsel may submit a petition for review that contains a Section A that complies with ORAP 9.05(3)(a) and a Section B that complies with paragraph (1)(b) of this rule."

C.   *Appellant's Petition for Reconsideration*

With that understanding of relevant federal cases and our state's procedure, we turn to whether it comports with due process to waive the requirement in ORAP 5.90(3) to request supplemental briefing from appointed counsel after we have determined, based on our review of the record, that there may have been an arguably meritorious issue. We conclude that under *Anders*, it does not. *Anders* holds that "if [the appellate court] finds any of the legal points arguable

on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." 386 US at 744. Similarly, in *Smith v. Robbins*, 528 US 259, 120 S Ct 746, 753, 145 L Ed 2d 756 (2000), the United States Supreme Court reviewed a state procedure similar to our *Balfour* process and determined that it satisfied due process in part because "the court orders briefing if it finds arguable issues." *Id.* at 280.

Here, we decided the merits of the issue raised by defendant without affording defendant the assistance of counsel to argue whether the trial court properly exercised its authority to revoke his probation. By deciding the appeal based on defendant's *pro se* arguments, and the state's counseled arguments, we risked a violation of defendant's rights to substantial equality and a fair process, had defendant not petitioned for reconsideration. We take this opportunity to square our *Balfour* procedure with the requirements of due process as articulated by the United States Supreme Court. In every *Balfour* case in which our review of the record discloses an arguably meritorious issue, we must and will request supplemental briefing from appointed counsel and will not resolve the merits of a claim raised in the Section B part of a *Balfour* brief without first hearing from appointed counsel. We therefore allow the petition for reconsideration, withdraw our opinion affirming the trial court's decision to revoke probation, and we request supplemental briefing in accordance with ORAP 5.90(3) on whether the trial court properly exercised its authority to revoke probation.

The court directs appellant's counsel to file a supplemental opening brief in accordance with ORAP 5.90(3) addressing whether the trial court properly exercised its authority to revoke probation, along with any other arguably meritorious issues identified by counsel. Respondent may then respond in accordance with ORAP 5.90(3).