120 August 27, 2025 No. 770

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of C. A. C.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

D. M. Q.,
*Appellant.*

Marion County Circuit Court
24JU01832; A185385

Daniel J. Wren, Judge.

Submitted July 11, 2025.

G. Aron Perez-Selsky filed the brief for appellant. Section B of the brief was prepared by appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Stacy M. Chaffin, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

This is a termination-of-parental rights case that was submitted to us for decision pursuant to ORAP 5.90 and *State v. Balfour,* 311 Or 434, 814 P2d 1069 (1991).[1]  We affirm.[2]

In August 2024, the juvenile court held trial on the Oregon Department of Human Services' (ODHS) petition to terminate father's parental rights to his child C. The court received 32 exhibits without objection, and father stipulated that the exhibits contained sufficient evidence to prove ODHS's allegations but nonetheless objected to the proposed findings of fact that ODHS had submitted. The exhibits showed, among other things, that, in April 2024, based on conduct against his then-13-year-old daughter, father was convicted of three counts of first-degree rape, ORS 163.375; one count of first-degree sodomy, ORS 163.405; three counts of second-degree unlawful sexual penetration, ORS 163.408; and eight counts of first-degree sexual abuse, ORS 163.427. The juvenile court concluded that ODHS had proved that father had engaged in extreme conduct under ORS 419B.502, that he was unfit under ORS 419B.504, and that terminating his parental rights to C was in C's best interests. The court entered the judgment terminating father's parental rights, and this appeal followed.

Having reviewed the record, including the trial court file, the transcript of the hearings, the *Balfour* brief, and father's uncounseled reply brief, we have identified no arguably meritorious issues. In conducting that review, we have not considered the arguments presented in ODHS's answering brief because we are evaluating only whether the record discloses arguably meritorious issues for appeal. *See State v. Dempsey*, 340 Or App 156, 167, 570 P3d 646 (2025) (holding that, in cases where a *Balfour* brief is filed that

---

[1] Shortly after filing the brief, father's counsel moved to withdraw and we allowed the motion. Father later filed a *pro se* brief, which we consider to be a supplemental brief to the Section B brief. In that brief, we understand him to assert that his appellate attorney had rendered ineffective assistance of counsel.

[2] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel. *See, e.g.*, *State v. Daily*, 335 Or App 198, 557 P3d 1153 (2024) (deciding matter submitted through *Balfour* process by two-judge panel); *State v. Goin*, 334 Or App 497, 556 P3d 663 (2024) (same).

includes a Section B, we will only consider an answering brief if we determine that there is an arguably meritorious issue and have directed appellant's appointed counsel to file a supplemental opening brief addressing that issue). We further conclude that father has not shown that his appellate counsel provided inadequate assistance while appointed and reject the argument about appellate counsel's performance raised in father's supplemental brief for that reason. *See State ex rel. Juv. Dept. v. Geist*, 310 Or 176, 193, 796 P2d 1193 (1990) (holding that a parent asserting inadequate assistance of counsel must show, not only that their counsel was inadequate, but also that any inadequacy prejudiced their cause to the extent that the proceeding was not fundamentally fair).

Affirmed.