654 October 1, 2025 No. 847

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

EDGAR HERNANDEZ-CAMACHO,
*Defendant-Appellant.*

Washington County Circuit Court
C130423CR; A183775

Eric Butterfield, Judge.

Submitted April 11, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil Francis Byl, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant. Section B of the brief was prepared by appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

This appeal arises after a post-conviction court's judgment remanded this criminal case for resentencing because it had set aside two of defendant's convictions on the ground that those convictions rested on nonunanimous jury verdicts. Pursuant to a stipulated general judgment and the state's motion for judgment of dismissal, the trial court dismissed those counts on remand, and it resentenced defendant to the same sentence it had imposed before: 150 months' incarceration and 10 years' post-prison supervision. Appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief contains a Section B. The state filed an answering brief responding to arguments raised in the Section B brief. *See* ORAP 5.90(1)(b). Our review in this posture is to determine whether "the record discloses an arguably meritorious issue." *State v. Dempsey*, 340 Or App 156, 167, 570 P3d 646 (2025). Applying that standard, we affirm.[1]

By way of background, a unanimous jury found defendant guilty of one count of attempted rape in the first degree and four counts of sexual abuse in the first degree. The same jury, by nonunanimous verdicts, found defendant guilty of two additional counts of sexual abuse in the first degree. At sentencing, after accounting for the guilty verdicts that merged, the trial court entered a judgment of conviction on four counts of first-degree sexual abuse, and one count of attempted rape in the first-degree. It sentenced defendant to 150 months' incarceration by imposing two consecutive 75-month sentences on two of the counts of sexual abuse, with two 75-month sentences for the remaining sexual abuse counts and a 27-month sentence for attempted rape running concurrently. The court also sentenced defendant to 10 years of post-prison supervision.

Following the post-conviction court's grant of relief with respect to counts based on nonunanimous verdicts and remand to the trial court for resentencing, the trial court dismissed the counts based on nonunanimous verdicts, but, after accounting for merger, entered a judgment of conviction

_____

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.

on three counts of first-degree sexual abuse and one count of attempted first-degree rape. The court then imposed what was, in effect, the same sentence as before, structuring it the same way.

In Section B of defendant's brief, defendant raises multiple challenges to his sentence, arguing that all of the sexual abuse verdicts merged with the dismissed counts and should also have been dismissed, that the trial court incorrectly calculated his criminal history score, and that his 150-month sentence is disproportionate. Defendant acknowledges that the assigned errors are not preserved and explicitly requests plain error review. In its responsive brief, the state argues that the assigned errors are not eligible for plain error review and urges us to reject them for that reason.

As an initial matter, we observe that, in arguing that the assignments of error presented in the Section B brief do not qualify for plain error review, the state has not engaged with or framed its arguments in terms of the applicable standard of review which, as noted, is whether the *record*—not the briefing—discloses any "arguably meritorious" issues for the court's review, such that the court must order supplemental briefing to address the arguably meritorious issue. *See Dempsey*, 340 Or App at 167 (discussing standard of review). That is understandable, because the state filed its responsive brief in this case before we issued our decision in *Dempsey* clarifying our standard of review in this context.

Applying the applicable standard here, having reviewed the record, including the trial court file, the transcript of the hearings, and the briefs on file, we have identified no arguably meritorious issues. Specifically, with respect to defendant's arguments raised in the Section B brief, having reviewed how the parties litigated the matter on resentencing, we see no arguably meritorious basis for concluding that defendant's unpreserved assignments of error would warrant reversal under the applicable substantive and procedural law.

Affirmed.