No. 932 October 29, 2025 463

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JACOB SCOTT CAMPBELL,
*Defendant-Appellant.*

Union County Circuit Court
22CR60135; A183137

Thomas B. Powers, Judge.

Submitted May 9, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Francis C. Gieringer, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Jennifer S. Lloyd, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Appeal dismissed.

**LAGESEN, C. J.**

Defendant appeals a judgment of conviction for first-degree theft, entered after he pleaded guilty to that offense. The appeal was submitted to us for decision under the procedures outlined in ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991), procedures that implement the Due Process Clause of the Fourteenth Amendment. *State v. Dempsey*, 340 Or App 156, 161-66, 570 P3d 646 (2025) (explaining the constitutional origins of the process and its steps). As is the case with appeals submitted through that process, the opening brief contained no assignments of error present through counsel; in this instance, the opening brief also did not contain a Section B in which defendant asserted assignments of error on his own. We therefore began by reviewing the brief and the record for any arguably meritorious issues. ORAP 5.90(3). We identified one and notified counsel of the issue:

> "Did the trial court err by including in the judgment a requirement that defendant pay 'per diem fees' when that requirement was not announced at sentencing in defendant's presence?"

*See id.* ("[I]f the court identifies one or more arguably meritorious issues in the case, the court shall notify appellant's counsel of the issue or issues so identified[,]" after which counsel may file a supplemental opening brief.). As contemplated by ORAP 5.90(3), our order alerted counsel that counsel could also address any other arguably meritorious issues that counsel identified while addressing the issue that the court had identified. *See id.*

Counsel subsequently filed a brief assigning error to inclusion of that sentencing term in the judgment. The brief did not include any other issues.

The state thereafter moved the trial court to correct the judgment to omit the erroneous term. The trial court granted the motion and corrected the judgment. The state has now filed a motion to dismiss the appeal as moot on the basis that the error has been corrected. Defendant takes no position on that motion and has not filed a response. We dismiss the appeal as moot.

In a case resolved through the *Balfour* process, the question of mootness typically does not come into play because of the court's atypical role in such cases. That role is to determine, by reviewing the briefs and record, whether there are any arguably meritorious issues for appeal. ORAP 5.90(3); *see Dempsey*, 340 Or App at 166-67; *see also Anders v. California*, 386 US 738, 744, 87 S Ct 1396, 1400, 18 L Ed 2d 493 (1967) (appellate court is required to examine "all of the proceedings" and if there are arguable issues, "it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal"). Because the scope of our review is limited to the identification of arguably meritorious issues presented by the record, it ordinarily will not encompass a consideration of whether an arguably meritorious issue may have been mooted by subsequent events.

If we identify an arguably meritorious issue, however, our role changes. We notify counsel, and the responsibility for presenting that issue, and identifying any others, shifts back to counsel. *See* ORAP 5.90(3). Our obligations under the Due Process Clause, as implemented by *Balfour*, ORAP 5.90, and *Anders* are fully discharged. Our role at that point is to treat the case like any other appeal. *Balfour*, 311 Or at 452–53 ("The Court of Appeals shall consider and decide whatever issues are raised in these appeals in the same manner as it considers and decides issues that are raised in any other * * * appeal.").

Having concluded that our role, at this point, is to resolve this appeal as we would resolve any other, the appropriate resolution is to dismiss the appeal as moot. We identified an arguably meritorious issue which defendant's counsel subsequently briefed, assigning error to the inclusion of a "per diem fee" requirement that was not announced in open court. As explained above, that error has now been corrected. We cannot identify any further relief that can be granted, nor has defendant identified any. Therefore, this appeal is moot.

Appeal dismissed.