No. 1101 December 24, 2025 1

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

GERRY LEE LUTCAVICH,
*Petitioner-Appellant,*

*v.*

David PEDRO,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
20CV39184; A184752

J. Burdette Pratt, Senior Judge.

Submitted November 14, 2025.

Corbin Brooks and Equal Justice Law filed the brief for appellant. Section B of the brief was prepared by appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Petitioner appeals a judgment denying post-conviction relief. Appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief contains a Section B. *See* ORAP 5.90(1)(b). We affirm.[1]

Petitioner was indicted for four counts of rape in the second degree. The trial court granted petitioner's motion for judgment of acquittal on one count; the jury acquitted him on one count and returned a verdict of guilty on two counts. Petitioner was sentenced to two 75-month sentences of imprisonment, to be served consecutively.

In the post-conviction court, petitioner argued through counsel that his trial counsel was ineffective in three respects: first, by failing to provide petitioner with all of the discovery until a week before trial and by failing to interview and call five named witnesses at trial, second, by failing to address the use of a stun vest and restraints at trial, and third, by failing to file a motion to suppress his statements to investigating officers. The post-conviction court denied relief on the basis that petitioner's claims were not supported by the record and that he did not show that he was prejudiced by the asserted deficiencies in trial counsel's performance.

In Section B of his brief, petitioner argues that his post-conviction counsel was inadequate because he did not present the post-conviction court with a statement from a potential witness, a statement made by the victim after trial, and DHS records that, he contends, would have cast doubt on the victim's testimony at trial. He also generally challenges the credibility of the victim's testimony at trial and reprises arguments he made before the post-conviction court concerning trial counsel's provision of discovery and the use of the stun vest at trial.

In its answering brief, the state responds to those arguments on the merits, contending that petitioner's claims were either not properly before the post-conviction court

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.

or that the court's findings of fact precluded petitioner's arguments, citing the standard of review that is generally applicable to our review of post-conviction proceedings. The applicable standard of review for *Balfour* submissions, however, is "whether the *record*—not the briefing—discloses any 'arguably meritorious' issues for the court's review, such that the court must order supplemental briefing to address the arguably meritorious issue." *State v. Hernandez-Camacho,* 343 Or App 654, 656, 578 P3d 1234 (2025) (emphasis in original) (citing *State v. Dempsey*, 340 Or App 156, 167, 570 P3d 646 (2025) (discussing the standard of review)).

Applying that standard here, having reviewed the record, including the post-conviction court file and the transcript of the hearing, and having reviewed the *Balfour* brief, we have identified no arguably meritorious issues either on our own or upon consideration of the claims contained in Section B of the brief. Specifically, with respect to the arguments raised in Section B of the brief, petitioner's post-conviction counsel's allegedly deficient performance is not itself a ground for post-conviction relief. *See* ORS 138.530(1)(a) (enumerated grounds for post-conviction relief must involve a substantial denial of a constitutional right "*in the proceedings resulting in petitioner's conviction*, or in the appellate review thereof" (emphasis added)). And, to the extent that petitioner claims that his post-conviction attorney failed to raise a ground for relief, that was not brought before the post-conviction court, for example, by way of a motion under *Church v. Gladden*, 244 Or 308, 417 P2d 993 (1966), so there is no arguably meritorious issue as to whether the post-conviction court should have directed counsel to take action in response to petitioner's complaints about his performance. *See Bogle v. State*, 363 Or 455, 473, 423 P3d 715 (2018) ("[T]o prevail on a *Church* motion, a petitioner must show that counsel has failed to raise a ground for relief, and in doing so, has failed to exercise reasonable professional skill and judgment."); *Walton v. Myrick*, 301 Or App 740, 744-45, 459 P3d 250, *rev den*, 366 Or 692 (2020) ("a represented petitioner who has a legitimate complaint about counsel may move the post-conviction court to either appoint substitute counsel or instruct counsel," and if the post-conviction court declines to do so, the petitioner may

seek to dismiss counsel and proceed *pro se* or continue with counsel and challenge the denial of the *Church* motion on direct appeal). As to the remaining claims, we conclude that they do not raise arguably meritorious claims for review because they are not supported by the record.

Affirmed.