304 May 6, 2026 No. 368

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANDREW DWAYNE McCULLOM,
*Defendant-Appellant.*

Linn County Circuit Court
24CN03016, 24CR16645; A185156 (Control), A185157

Michael B. Wynhausen, Judge.

Submitted March 13, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kristin A. Carveth, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.*

LAGESEN, C. J.

In Case No. 24CN03016, reversed and remanded for entry of an amended judgment; otherwise affirmed. In Case No. 24CR16645, reversed and remanded for entry of an amended judgment; otherwise affirmed.

_____

* Determined by a two-judge department as authorized by ORS 2.570(2)(b).

**LAGESEN, C. J.**

In this consolidated case, defendant appeals two judgments of conviction, entered pursuant to no-contest pleas, to one count of contempt in Case No. 24CN03016, and to one count of strangulation constituting domestic violence and one count of fourth-degree assault constituting domestic violence in Case No. 24CR16645. We remand for entry of amended judgments and otherwise affirm.

Defendant filed an opening brief under ORAP 5.90(2) and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). We requested supplemental briefing from the parties pursuant to ORAP 5.90(3) after identifying the arguably meritorious issue of whether the court erred by including for the first time in the judgment a provision stating that "[t]he court may increase the total amount owed by adding collection fees and other assessments. These fees and assessments may be added without further notice to the defendant and without further court order."

When we identify an arguably meritorious issue, the responsibility for presenting the "other assessments" issue and arguing any others shifts back to counsel. *See* ORAP 5.90(3); *State v. Dempsey*, 340 Or App 156, 167, 570 P3d 646, 652 (2025) (directing counsel to file a supplemental opening brief in accordance with ORAP 5.90(3)). At that point, "[o]ur obligations under the Due Process Clause, as implemented by *Balfour*, ORAP 5.90, and *Anders* [*v. California*, 386 US 738, 87 S Ct 1396, 18 L Ed 2d 493 (1967)] are fully discharged. Our role at that point is to treat the case like any other appeal." *State v. Campbell*, 344 Or App 463, 465, 580 P3d 914 (2025).

The parties have submitted supplemental briefs addressing that issue. Defendant argues that the trial court erred by including the provision allowing "other assessments" to be added to his debt in both of the judgments, and the state now concedes that it was error to include that language in the judgments under *State v. Martinez,* 347 Or App 273, ___ P3d ___ (2026) (trial court lacked statutory authority to impose "other assessments" for the first time in the judgment). The parties no longer dispute that the trial

court erred, and that the appropriate resolution is the deletion of the challenged terms. We accept the concession of error, reverse the portion of the judgments related to adding assessments to the total amount owed by defendant, and remand to the trial court for entry of judgments deleting the terms "and other assessments" and "and assessments" from the judgments.

In Case No. 24CN03016, reversed and remanded for entry of an amended judgment; otherwise affirmed. In Case No. 24CR16645, reversed and remanded for entry of an amended judgment; otherwise affirmed.