No. 370　　　　　May 6, 2026　　　　　309

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

MICHAEL BRENNAN,
*Petitioner-Appellant,*

*v.*

STATE OF OREGON,
*Defendant-Respondent.*

Multnomah County Circuit Court
18CV12079; A186138

J. Burdette Pratt, Senior Judge.

Submitted March 13, 2026.

Margaret Huntington and Equal Justice Law filed the brief for appellant. Section B of the brief was prepared by appellant.

Ryan Kahn, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.*

LAGESEN, C. J.

Affirmed.

_____
\* Determined by a two-judge department as authorized by ORS 2.570(2)(b).

**LAGESEN, C. J.**

Petitioner appeals a judgment denying post-conviction relief. Appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief contains a Section B. *See* ORAP 5.90(1)(b). We affirm.

In the underlying criminal cases, petitioner pleaded guilty to first-degree theft by deception, ORS 164.055, theft of services by deception, ORS 164.125, unlawfully obtaining public assistance, ORS 411.630, and unlawfully using supplemental nutrition assistance, ORS 411.840. As part of a plea agreement, he was sentenced to, among other sentences, 24 months' supervised probation.

In his post-conviction petition, petitioner alleged that his retained trial counsel rendered inadequate and ineffective assistance when that counsel "gobbl[ed] up all of petitioner's money" in the course his pretrial representation of petitioner, and then that counsel threatened to withdraw from representing petitioner "after there was nothing left to consume." According to petitioner's allegations, that conduct by trial counsel caused petitioner to plead guilty when petitioner otherwise would have gone to trial. Petitioner further alleged that, as a result of that conduct by trial counsel, petitioner was (1) "deprived of the opportunity make a knowing, intelligent, and voluntary decision" to waive certain constitutional rights, including his right to a jury trial, and (2) "was deprived of his right to present a complete defense, in violation of his right to due process under the 14th Amendment to the United States Constitution."

Additionally, the post-conviction petition raised a "freestanding" constitutional claim asserting, among other points, that petitioner's convictions are "the result of a substantial violation of his right to due process," as well as certain other constitutional rights.[1]

The post-conviction court denied relief on each of petitioner's claims. Among other points, it found that

---

[1] We note that, in his petition, petitioner also claimed that trial counsel was ineffective and inadequate because he "failed to object when the trial court imposed restitution without first determining petitioner's ability to pay." But, ultimately, petitioner did not offer any evidence or argument in support of that claim.

petitioner was not credible in a declaration that petitioner had provided to the post-conviction court, and that petitioner's trial counsel was credible in a declaration that trial counsel had provided to the post-conviction court. Trial counsel's declaration included an assertion that he had "stood ready, willing and able to defend [petitioner] at trial if [petitioner] chose to go that route," and that he would "never suggest to a client that he plead guilty only because of financial considerations or because he lacked the resources to fund a trial."

On appeal, in Section B of his brief, petitioner raises four assignments of error, related to, among other points, his purported "mental incompetence" at the time of trial, his trial counsel's purported failure to litigate a "suppression motion" that trial counsel had filed, and errors made by post-conviction counsel.

Having reviewed the record, including the post-conviction court file and the transcript of the post-conviction trial, and having reviewed the *Balfour* brief, we have identified no arguably meritorious issues either on our own, *see Newmann v. Highberger*, 330 Or App 229, 234, 543 P3d 172, *rev den*, 372 Or 588 (2024) ("The post-conviction court's finding on petitioner's credibility binds us on appeal ***."), or upon consideration of the claims contained in Section B of the brief.

More specifically, regarding the arguments raised in Section B, "petitioner's post-conviction counsel's allegedly deficient performance is not itself a ground for post-conviction relief." *Lutcavich v. Pedro*, 346 Or App 1, 3, 583 P3d 1084 (2025). Further, to the extent that petitioner claims that his post-conviction counsel failed to raise a ground for relief, that issue was not brought before the post-conviction court, "so there is no arguably meritorious issue as to whether the post-conviction court should have directed counsel to take action in response to petitioner's complaints about his performance." [2] *Id.* Finally, as to petitioner's assertion that

---

[2] We note that post-conviction counsel did file a motion styled as a "*Church* notice" on petitioner's behalf, in which petitioner requested new post-conviction counsel. But, on this record, and particularly considering the post-conviction court's colloquy with petitioner and post-conviction counsel concerning the *Church* notice, we see no arguably meritorious issue as to whether the post-conviction court erred in denying that motion.

the post-conviction court erred by "denying relief without reviewing the entire trial court record," we conclude that that argument, like his others, is not arguably meritorious.

Affirmed.